UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>E. MORENO, et al.,<br><br>          Defendants. | Case No.: 1:21-cv-00100-DAD-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2) |

Plaintiff Richard Jose Dupree, Jr. is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on January 20, 2021, in the United States District Court for the Eastern District of California, Sacramento Division. The action was transferred to this Court on January 25, 2021.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma

1

pauperis unless they are under imminent danger of serious physical injury.  28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial notice of the following cases: (1) Dupree, Jr. v. Santiago, No. 2:11-cv-00309-EFB (E.D. Cal) (dismissed February 22, 2011 for failure to state a cognizable claim); (2) Dupree, Jr. v. U.S. Courts of the Eastern Dist. of CA, No. 2:11-cv-00263-DAD (E.D. Cal.) (dismissed March 24, 2011 as frivolous); (3) Dupree Jr. v. United States Copyright Office, No. 2:11-cv-01700-WBS-KJN P (E.D. Cal.) (dismissed July 28, 2011 as frivolous and for failure to state a cognizable claim); (4) Dupree, Jr. v. Scott, No. 1:11-cv-00565-OWW-DLB (E.D. Cal.) (dismissed July 12, 2011 for failure to state a cognizable claim); and (5) Dupree v. International Telecommunications Satellite Organization, No. 1:11-cv-01233-SMS (E.D. Cal.) (dismissed on August 10, 2011 for failure to state a cognizable claim).[1]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on January 20, 2011.  Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or

---

[1] In addition, Plaintiff was previously advised that he has suffered three or more strikes under § 1915(g).  See Dupree v. Gamboa, No. 1:19-cv-00953-LJO-GSA (dismissed July 17, 2019, without prejudice, to refiling with the submission of the filing fee.)

hypothetical." Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under section 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)...."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat...is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Here, nothing in Plaintiff's complaint suggests he faced any "ongoing danger" of serious physical injury sufficient to "meet the imminence prong of the three-strikes exception" at the time he filed his complaint. Andrews, 493 F.3d at 1057. Rather, Plaintiff contends that on January 22, 2020, while housed at California State Prison, Corcoran, several officers subjected him to excessive force before he was transported to a different facility. However, the alleged event occurred approximately one year prior to filing the instant complaint, and Plaintiff does not plausibly suggest there was any ongoing danger at the time he filed his complaint. This is particularly true, where Plaintiff was subsequently transferred to a different prison following the alleged use of excessive force and is currently housed at California State Prison, Sacramento. Thus, these allegations are insufficient to show that Plaintiff was "under imminent danger of serious physical injury." See Andrews, 493 F.3d at 1055 (explaining that the exception to the three-strikes rule applies only "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"); see also Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint). Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here. Thus, Plaintiff's motion to proceed *in forma pauperis* should be denied, and Plaintiff should be ordered to pay the $402.00 filing fee.

///

///

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2.) be denied; and
2. Plaintiff be required to pay the $402.00 filing fee within twenty-one (21) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 25, 2021**

UNITED STATES MAGISTRATE JUDGE